IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JONATHAN MICHAEL ATHA )
)
v. ) NO. 3:19-0544
)
RUSSELL WASHBURN, et al. )

**TO:  Honorable William L, Campbell, Jr., District Judge**

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered July 18, 2019 (Docket Entry No. 7), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Accompanying Plaintiff's complaint was a motion for a Temporary Restraining Order (Docket Entry No. 3), which has been directed to the attention of the Magistrate Judge.  For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be denied.

### I.  BACKGROUND

Jonathan Michael Atha ("Plaintiff") is prisoner within the Tennessee Department of Correction ("TDOC") who is currently confined at the South Central Correctional Facility("SCCF") in Clifton, Tennessee.  He filed this lawsuit on June 28, 2019, raising numerous claims of wrongdoing against several prison officials.  The general thrust of his lawsuit is that prison officials have failed to protect him from violence at the hand of other inmates and that he has been retaliated against in various forms because of his requests for protective custody and his pursuit of prison grievances and lawsuits.  He further alleges that his religious rights have been violated.  *See* Memorandum entered July 18, 2019 (Docket Entry No. 6).

After the initial frivolity review of the complaint was completed, process was directed to issue to ten defendants[1] on Plaintiff's failure to protect claims, retaliation claims, and religious exercise claims under 42 U.S.C. § 1983 and on claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. Defendants Kelsey Carter, Damon Hininger, Jason Holmes, Elizabeth Lopez, Patrick Swindell, and Russell Washburn have recently been granted an extension of time to respond to the complaint. *See* Docket Entry No. 25. The other four Defendants remain unserved.[2] In a separately entered order, Plaintiff has been granted leave to amend his complaint, adding new claims and defendants and identifying defendants who were unnamed in his original complaint.

In his motion for a temporary restraining order, Plaintiff seeks an order (1) directing prison officials to place him in protective custody to protect him from immediate harm or death and (2) directing that he be housed at the Trousdale Turner Correctional Center ("TTCC") until this lawsuit is settled. *See* Docket Entry No. 4.

## II. MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiff has not satisfied the stringent showing required for the relief he requests. Temporary restraining orders and preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and are extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" an

---

[1] CoreCivic, Trousdale Turner Correctional Center ("TTCC") Warden Russell Washburn, Core Civic supervisor Patrick Swindell, Core Civic Chief Executive Officer Damon Hiniger, Core Civic SCO f/n/u Roach, Core Civic SCO f/n/u Custer, Core Civic SCO f/n/u Lopez, Lt. f/n/u Ruiz, Lt. f/n/u Holmes, and f/n/u Carter.

[2] Process did not issue to Defendants CoreCivic and Ruiz because Plaintiff did not return completed service packets for them. *See* Docket Entry No. 11. Process for Defendants Roach and Custer was returned unexecuted with notations that they no longer work at the TTCC. *See* Docket Entry Nos. 16 and 17.

injunctive order. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In determining whether to grant a preliminary injunction or temporary restraining order, the Court must consider whether Plaintiff has established: (1) a strong likelihood of success on the merits; (2) that he will suffer irreparable injury absent injunctive relief; (3) that issuance of an injunction would not cause substantial harm to others; and (4) that the public interest would be served by the issuance of the injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *See also Ohio Republican Party v. Brunner*, 543 F.3d. 357, 361 (6th Cir. 2008) (noting that the same four factors apply in determining whether to grant a temporary restraining order). These factors are to be balanced against one another. *Leary*, *supra*; *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000).

In the instant case, several factors weigh against the issuance of the order requested by Plaintiff. First and foremost, there appears to be no immediate or urgent need for the requested order because a recent filing made by Plaintiff indicates (1) that he is no longer confined at the TTCC, having been transferred to the South Central Correctional Facility ("SCCF"), and (2) he is currently being confined in solitary confinement. *See* Motion for the appointment of counsel (Docket Entry No. 7). Furthermore, although Plaintiff has made serious allegations, he has not shown a strong likelihood of success on the merits of his claims. Plaintiff has also not made a compelling showing that the public interest would be served by the issuance of the requested order. Finally, absent extraordinary and urgently compelling reasons, the Court should defer to the expertise of prison officials in such matters as the day-to-day operations in a correctional facility. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984). Plaintiff has not shown extraordinary or urgently compelling reasons.

3

# RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that Plaintiff's motion for a temporary restraining order (Docket Entry No. 3) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge