IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JONATHAN MICHAEL ATHA )
)
v. ) NO. 3:19-0544
)
RUSSELL WASHBURN, et al. )

**TO: Honorable William L, Campbell, Jr., District Judge**

# REPORT AND RECOMMENDATION

By Order entered July 18, 2019 (Docket Entry No. 7), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 83) filed by Defendants CoreCivic, Inc., Ashley Ackerman, Kelsey Carter, Damon Hininger, Jason Holmes, Cherry Lindamood, Elizabeth Lopez, Grady Perry, Scottie Roach, Patrick Swindle, and Russell Washburn. Plaintiff has not filed a response in opposition to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that this case be dismissed in its entirety.

## I. BACKGROUND

Jonathan Michael Atha ("Plaintiff") is prisoner within the Tennessee Department of Correction ("TDOC") who is currently confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. He filed this lawsuit on June 28, 2019, making numerous allegations of wrongdoing against several prison officials at the SCCF and at the Trousdale Turner Correctional Center ("TTCC"), where he was previously confined. *See* Complaint (Docket Entry No. 1).[1] The

---

[1] The relevant events first began at the SCCF, where Plaintiff was housed until August 2018, when he was transferred to the TTCC. Plaintiff filed his Complaint while at the TTCC but was later transferred back to the SCCF on June 28, 2019. He filed an amended pleading shortly thereafter.

general thrust of his lawsuit is that prison officials have failed to protect him from violence at the hands of other inmates and that he has been retaliated against in various forms because of his requests for protective custody and his pursuit of prison grievances and lawsuits. He further alleges that he has been prevented from practicing his faith and has been physically harmed by being denied a kosher religious diet. Plaintiff, who demands a jury, seeks monetary damages, as well as declaratory and injunctive relief.

Upon the Court's initial frivolity review of the complaint, the Court dismissed some claims but found that Plaintiff alleged arguable claims against several Defendants under 42 U.S.C. § 1983 for failure to protect, retaliation, and infringement on his religious exercise rights and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. *See* Memorandum entered July 18, 2019 (Docket Entry No. 6) at 26-27. Plaintiff thereafter filed an amended and supplemental complaint, *see* Amended and Supplemental Complaint ("A&S Complaint") (Docket Entry No. 29), in which he: (1) identified additional Defendants for his claims; (2) identified Defendants for arguable Eighth and Fourteenth Amendment claims that had been asserted in his original complaint and permitted to go forward despite the lack of an identifiable Defendant; and, (3) raised new claims that were similar to those asserted in his original complaint but were based upon new events that occurred at the SCCF. *See* Order entered September 26, 2019 (Docket Entry No. 27).

Although identifying and issuing process to the correct Defendants was a somewhat lengthy endeavor that required the involvement of the Court,[2] most of the named Defendants were eventually served with process and filed answers (Docket Entry Nos. 41, 51, 66, and 77). Process for some Defendants, however, was returned unexecuted and they remain unserved. Pursuant to scheduling orders (Docket Entry Nos. 26, 73, and 82), the parties were provided with a period of pre-trial

---

*See* Docket Entry No. 29 at 8. Plaintiff appears to have been housed at the SCCF continuously since being transferred there on the most recent occasion.

[2] *See* Orders entered September 26, 2019 (Docket Entry No. 27), and November 26, 2019 (Docket Entry No. 53).

2

activity in the case, the deadlines for which have all now expired. The motion for summary judgment is the only motion that is currently pending. There is no trial date currently set.

## II. THE DEFENDANTS AND CLAIMS

Eleven Defendants have been served and are currently before the Court (hereinafter referred to collectively as "Defendants"): CoreCivic, Inc. ("CoreCivic"), a private corporation that operates the SCCF and TTCC; Damon Hininger ("Hininger") and Patrick Swindle ("Swindle"), the respective President and Chief Corrections Officer of CoreCivic; Grady Perry ("Perry"), the current SCCF Warden; Cherry Lindamood ("Lindamood"), a former SCCF Warden; Ashely Ackerman ("Ackerman"), a former employee at the SCCF; Russell Washburn ("Washburn"), a former TTCC Warden; Scottie Roach ("Roach"), a former employee at TTCC; and Kelsey Carter ("Carter"), Jason Holmes ("Holmes"), and Elizabeth Lopez ("Lopez"), each of whom currently works at the TTCC. Two Defendants - f/n/u Rowe and f/n/u Poe – were dismissed from the case upon Plaintiff's request. *See* Order entered November 26, 2019 (Docket Entry No. 53). The unserved Defendants are: Correctional Officer f/n/u Custer, Lt. F/n/u Ruiz, Counselor f/n/u Pauley, Correctional Officer f/n/u Williams, Unit Manager f/n/u Hacker, and Correctional Officer f/n/u Hubbard.

Plaintiff's claims can be summarized as follows:

(1) Eighth Amendment failure to protect claims against Defendants CoreCivic, Carter, Holmes, Roach, Lopez, Roach, Perry, and Lindamood based on allegations that they each had a role in refusing to place Plaintiff in protective custody despite a known risk to his safety, directing or encouraging other inmates to assault Plaintiff, and failing to intervene and protect Plaintiff when he was being attacked by other inmates. Plaintiff alleges that CoreCivic has a policy of not placing inmates in protective custody unless they have already been stabbed.

(2) Eighth Amendment claims against Defendants Carter and Roach based on allegations that they acted with deliberate indifference to Plaintiff's serious medical needs when they did not provide him with medical treatment after he was physically attacked by another inmate.

3

(3) an Eighth Amendment cruel and unusual punishment claim against Defendants Carter and Roach based on allegations that Plaintiff, while being held in segregation, was denied food for three days, had the water turned off in his cell for eight days, was not given a blanket or mat, had the light kept on in his cell for 24 hours a day, and was kept in a cold cell. Plaintiff also alleges that he lost substantial weight and suffered from malnutrition.

(4) Fourteenth Amendment due process claims against Defendants Carter, Roach, and Ackerman based on allegations that Plaintiff was denied procedural protections related to being held in administrative segregation at both the TTCC and SCCF.

(5) First Amendment claims against Defendants CoreCivic, Lopez, Roach, Washburn, Perry, and Ackerman based on allegations that Plaintiff was retaliated against for seeking protective custody, filing grievances, and filing lawsuits. He alleges that he was placed in segregation, was held in poor conditions without bedding or personal property, received disciplinary infractions, had his personal property and legal materials destroyed, was denied protective custody and was threatened, and was transferred between prisons.

(6) First Amendment and RLUIPA claims against Defendants CoreCivic, Hininger, Swindle, Washburn, Perry, and Ackerman based on allegations that prison officials at both the TTCC and SCCF refused to provide him with a kosher diet that is required by his religious beliefs as a follower of the "House of Yahweh."

*See* A&S Complaint.

### III. MOTION FOR SUMMARY JUDGMENT

Defendants filed their motion on August 28, 2020, seeking summary judgment under Rule 56 of the Federal Rules of Civil Procedure on all of Plaintiff's claims. They support their motion with a memorandum of law (Docket Entry No. 84), a statement of undisputed material facts (Docket Entry No. 85), a declaration from each defendant (Docket Entry Nos. 86, 88-93, 98-100, and 102), and declarations from Raymond Byrd, the current TTCC Warden (Docket Entry No. 87), Brenda Pevahouse, the current SCCF Grievance Coordinator (Docket Entry No. 94), Randall Runion, the

4

current SCCF Chaplain (Docket Entry No. 96), and Jon Shonebarger, the current TTCC Chaplain (Docket Entry No. 97).

Defendants raise multiple arguments. First, they contend that many of Plaintiff's claims are subject to dismissal under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), because Plaintiff failed to exhaust his available administrative remedies by failing to file or fully pursue prison grievances about his allegations. Defendants further argue that Plaintiff has not set forth evidence that supports the merits of his constitutional claims and that shows that he has suffered more than a *de minimis* physical injury for any of his Eighth Amendment claims. Defendant CoreCivic asserts that Plaintiff cannot establish that a policy or custom of CoreCivic was the moving force behind any of the alleged constitutional violations. Defendants Hininger, Swindle, Lindamood. Perry, and Washburn assert that they cannot be deemed liable merely because of their supervisory positions and that Plaintiff cannot show that they had the type of personal involvement in the events at issue that would support a claim against them. With respect to Plaintiff's RLUIPA claim, Defendants contend that Plaintiff has not shown any evidence that a substantial burden was placed on his ability to exercise his religious beliefs. Finally, Defendants contend that, to the extent that Plaintiff's claims about his medical care sound in state law, he has not shown his compliance with the requirements of the Tennessee Health Care Liability Act.

Plaintiff was notified of the motion, advised of his need to respond, and given a deadline of October 2, 2020, to file a response. *See* Order entered August 31, 2020 (Docket Entry No. 101). To date, Plaintiff has not responded in any manner to Defendants' motion.[3]

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the

---

[3] Although Plaintiff was entitled under Local Rule 7.01(a)(3) to only 21 days to file a response, the Court provided him with additional time to respond, and he has effectively had six additional weeks between his October 2nd response deadline and the entry of this Report and Recommendation.

5

Case 3:19-cv-00544    Document 103    Filed 11/17/20    Page 5 of 9 PageID #: 777

Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from the underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000).

## IV. CONCLUSIONS

When a motion for summary judgment is properly supported under Rule 56, such as Defendants' motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut

up" on critical issues.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).  Neither Plaintiff's *pro se* status nor the fact of his incarceration relieves him of this obligation, which is a threshold legal duty for all non-moving parties when summary judgment is sought by an opposing party.  *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

In the instant case, Plaintiff's pleadings were sufficient to find that some of his allegations supported arguable claims upon which process should issue.  But the standard of whether an *in forma pauperis* case should proceed past the point of frivolity review is much lower than the standard of whether a case should proceed to trial in the face of a motion for summary judgment.  As the party opposing summary judgment, Plaintiff must present affirmative and probative evidence in support of his claims and must show that there is a sufficient evidentiary basis for a reasonable trier of fact to find in his favor.  *See Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003).  Plaintiff has not done so in this case.

Plaintiff has not responded to the arguments for summary judgment made by Defendants, has not set forth any evidence that supports his claims and rebuts the evidence set forth by Defendants, and has not responded to Defendants' statement of undisputed facts as required by Local Rule 56.01(c) and (f) .  Under that local rule, the facts asserted by Defendants are deemed to be undisputed for the purposes of summary judgment as a result of Plaintiff's failure to respond.  L.R. 56(f).  Consequently, Plaintiff has not provided the Court with any basis upon which to deny the motion for summary judgment.  Based on  the undisputed facts that are before the Court, the substantial and unrebutted evidence from Defendants supporting their request for summary judgment, and the sound arguments made by Defendants as to the legal and factual shortcoming of Plaintiff's claims, the Court finds that summary judgment should be granted to Defendants on all claims brought against them.  No reasonable jury could find in favor of Plaintiff on his claims based upon the evidence that is before the Court.  The Court simply cannot supply or assume the facts necessary to support Plaintiff's case, and the Court is not required to make legal arguments on his behalf.  *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell*

7

*v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

For example, Defendants have raised the PLRA affirmative defense of failure to exhaust administrative remedies and supported the defense with evidence showing that Plaintiff failed to fully exhaust prison grievances for all but one of his claims.[4] *See* Defendants' Memorandum at 5-10; Statement of Undisputed Facts at ¶¶ 1-3. Once the failure to exhaust defense is raised and supported, the burden is on Plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011). Plaintiff has not met this burden. Becasue compliance with the PLRA's exhaustion requirement is mandatory, Plaintiff's claims that have not been fully exhausted are subject to dismissal. *See Ross v. Blake*, _U.S._, 136 S. Ct. 1850, 1856-57 (2016).

Similarly, Plaintiff's failure to set forth affirmative evidence in support of his claims is a fatal deficiency. For example, while his pleadings set forth allegations that show a colorable claim that he was denied a diet that accommodated his religious beliefs, the unrebutted evidence from Defendants shows that an alternative meal was available to inmates at both the TTCC and SCCF that accommodated inmates who required a religious diet. *See* Statement of Undisputed Facts at ¶¶ 24-26. In the face of Defendants' evidence, Plaintiff has not provided an evidentiary basis upon which any reasonable jury could conclude that Defendants substantially burdened the exercise of his religion in violation of either his religious rights under the First Amendment or RLUIPA. *See Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989); 42 U.S.C. § 2000cc-1(a); *Haight v. Thompson*, 763

---

[4] Defendants acknowledge that Plaintiff fully exhausted his First Amendment religious and RLUIPA claims against Defendants CoreCivic, Hininger, Swindle, and Washburn that are based upon events at the TTCC. *See* Defendants' Memorandum at 10.

8

F.3d 554, 559-60 (6th Cir. 2014). Plaintiff's claims of failure to protect, retaliation, lack of medical care, and lack of due process likewise suffer from a lack of affirmative, supporting evidence.

Plaintiff is not entitled to a trial merely on the basis of his unsupported allegations. *Goins*, 926 F.2d at 561. Given the unrebutted evidence provided by Defendants and the lack of any affirmative evidence from Plaintiff, no reasonable jury could find in favor of Plaintiff on any of his claims.

## RECOMMENDATION

Based on the foregoing, it is therefore respectfully RECOMMENDED that:

1) the motion for summary judgment (Docket Entry No. 83) of Defendants CoreCivic, Inc., Ashley Ackerman, Kelsey Carter, Damon Hininger, Jason Holmes, Cherry Lindamood, Elizabeth Lopez, Grady Perry, Scottie Roach, Patrick Swindle, and Russell Washburn be GRANTED and these Defendants be DISMISSED WITH PREJUDICE; and,

2) Defendants Custer, Ruiz, Pauley, Williams, Hacker, and Hubbard be DISMISSED from this action pursuant to Rule 4(m) because they have not been timely served with process.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge